## UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

-----------------------------------------------------------X

**G & G CLOSED CIRCUIT EVENTS, LLC**
**2925 Green Valley Parkway, Suite D**
**Las Vegas, NV 89014**

### PLAINTIFF,

### -vs-                                              CASE NO.

**MICHAEL LASTORIA, individually and**
**d/b/a &PIZZA a/k/a BROCCOLI BAR**
**1817 7th Street, NW**
**Washington, DC 20005**

### and

**IMA PIZZA STORE 12 LLC, an unknown**
**business entity d/b/a &PIZZA a/k/a**
**BROCCOLI BAR**
**1817 7th Street, N.W.**
**Washington, DC 20005**
        Serve: Registered Agent
        **CORPORATION SERVICE COMPANY**
        **1090 Vermont Avenue, NW**
        **Washington, DC 20005**

### DEFENDANTS.
-----------------------------------------------------------X

## COMPLAINT

Plaintiff, G & G CLOSED CIRCUIT EVENTS, LLC, (hereinafter referred to as "Plaintiff"), by its attorneys, ROSENTHAL GORMLY, CHARTERED., complaining of the Defendant(s) herein, respectfully sets forth and alleges as follows:

### JURISDICTION AND VENUE

1.      This Action is brought pursuant to 47 U.S.C. §§ 553 or 605.

1

2.      This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. Section 1331, which states that the District Courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties, of the United States. This Court has subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction).

3.      All contractual conditions precedent have been fulfilled.

4.      Upon information and belief, venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 101, *inter alia,* a substantial part of the events or omissions giving rise to the claim occurred within the District of Columbia.

5.      This Court has personal jurisdiction over the parties in this action. Defendant(s) to this action had or have an agent or agents who has or have independently transacted business in the District of Columbia and certain activities of Defendant(s) giving rise to this action took place in the District of Columbia; more particularly, Defendant(s) acts of violating federal laws and the proprietary rights of Plaintiff, as distributor of the satellite programming transmission signals, which took place within the District of Columbia. Moreover, upon information and belief, Defendant(s) have their principal place of business within the District of Columbia; thus, this Court has personal jurisdiction over Defendant(s).

## THE PARTIES

6.      Plaintiff, G & G Closed Circuit Events, LLC, is, and at all relevant times mentioned was, a California company with its principal place of business located at 2925 Green Valley Parkway, Suite D, Las Vegas, NV 89014.

7.      At all times relevant hereto, including on Saturday, May 4, 2019, Defendant Michael Lastoria was specifically identified as Governor and beneficial owner on the District of Columbia Initial File No. (L00005079071) issued to Ima Pizza Store 12 LLC.

2

8.      At all times relevant hereto, including on Saturday, May 4, 2019, Defendant Michael Lastoria was specifically identified as Governor on the District of Columbia Two-Year Report for Domestic Foreign Filing Entity (File No. L00005079071) issued to Ima Pizza Store 12 LLC.

9.      At all times relevant hereto, including on Saturday, May 4, 2019, Defendant Michael Lastoria was specifically identified as Governor on the District of Columbia Department of Consumer and Regulatory Affairs Business License (License No. 931319000111) issued to Ima Pizza Store 12 LLC.

10.     At all times relevant hereto, including on Saturday, May 4, 2019, Defendant Ima Pizza Store 12 LLC was the licensee of the commercial establishment doing business as &Pizza a/k/a Broccoli Bar operating at 1817 7th St. NW, Washington, DC 20001 specifically identified on the Department of Consumer and Regulatory Affairs Basic Business License.

11.     Plaintiff is informed and believes, and alleges thereon that on Saturday, May 4, 2019 (the night of the *Program* at issue herein, as more specifically defined in Paragraph 18), Defendant Michael Lastoria had the right and ability to supervise the activities of &Pizza a/k/a Broccoli Bar, which included the unlawful interception, receipt, and publication of Plaintiff's *Program.*

12.     Plaintiff is informed and believes, and alleges thereon that on Saturday, May 4, 2019 (the night of the *Program* at issue herein, as more specifically defined in Paragraph 18), Defendant Michael Lastoria, as an individual had the obligation to supervise the activities of Ima Pizza Store LLC, which included the unlawful interception, receipt, and publication of Plaintiff's *Program,* and, among other responsibilities, had the obligation to ensure that &Pizza a/ka Broccoli Bar operated lawfully at all times.

13.     Plaintiff is informed and believes, and alleges thereon that on Saturday, May 4, 2019, (the night of the *Program* at issue herein, as more specifically defined in Paragraph 18), Defendant

Michael Lastoria specifically directed or permitted the employees of &Pizza a/k/a Broccoli Bar to unlawfully intercept, receive, and publish Plaintiff's *Program* at &Pizza a/k/a Broccoli Bar or intentionally intercepted, received, and published the *Program* at &Pizza a/k/a Broccoli Bar themselves. The actions of the employees of &Pizza a/k/a Broccoli Bar are directly imputable to Defendant Michael Lastoria by virtue of his acknowledged responsibility for the operation of &Pizza a/k/a Broccoli Bar.

14.     Plaintiff is informed and believes, and alleges thereon that on Saturday, May 4, 2019, Defendant Michael Lastoria, as an individual identified as Governor and beneficial owner on the District of Columbia Initial File No. (L00005079071) issued to Ima Pizza Store 12 LLC, as an individual specifically identified as the Governor on the District of Columbia Two-Year Report for Domestic Foreign Filing Entity (File No. L00005079071) issued to Ima Pizza Store 12 LLC, and as an individual specifically identified as Governor on the District of Columbia Department of Consumer and Regulatory Affairs Business License (License No. 931319000111) issued to Ima Pizza Store 12 LLC had an obvious and direct financial interests in the activities of Ima Pizza Store 12 LLC, which included the unlawful interception, receipt, and publication of Plaintiff's *Program.*

15.     Plaintiff is informed and believes and alleges thereon that the unlawful broadcast of Plaintiff's *Program*, as supervised and/or authorized by Michael Lastoria resulted in increased patronage for &Pizza a/k/a Broccoli Bar.

16.     Plaintiff is informed and believes, and alleges thereon that Defendant Ima Pizza Store 12 LLC is an owner, and/or operator, and/or licensee, and/or permittee, and/or entity in possession, and/or an entity with dominion, control, oversight and management of the commercial establishment doing business as &Pizza a/k/a Broccoli Bar operating at 1817 7th St. NW, Washington, DC 20001.

17.     On Saturday, May 4, 2019 (the night of the *Program* at issue herein, as more specifically defined in Paragraph 19), &Pizza a/k/a Broccoli Bar sold food and alcoholic beverages to its patrons.

## COUNT I

### (Violation of Title 47 U.S.C. Section 605)

18.     Plaintiff G & G Closed Circuit Events, LLC, hereby incorporates by reference all of the allegations contained in paragraphs 1-17, inclusive, as though set forth herein at length.

19.     Pursuant to contract, Plaintiff G & G Closed Circuit Events, LLC, was granted the exclusive nationwide commercial distribution (closed-circuit) rights to the *Saul "Canelo" Alvarez v. Daniel Jacobs WBA/WBC/IBF Middleweight Championship Fight Program* event telecast nationwide on Saturday, May 4, 2019 (this included all under-card bouts and fight commentary encompassed in the television broadcast of the event, hereinafter referred to as the "*Program*").

20.     Pursuant to contract, Plaintiff G & G Closed Circuit Events, LLC, entered into subsequent sublicensing agreements with various commercial entities throughout North America, including entities within the District of Columbia, by which it granted these entities limited sublicensing rights, specifically the rights to publicly exhibit the *Program* within their respective commercial establishments.

21.     The Program could only be exhibited in a commercial establishment in the District of Columbia if said establishment was contractually authorized to do so by Plaintiff G & G Closed Circuit Events, LLC.

22.     As a commercial distributor and licensor of sporting events, including the *Program*, Plaintiff G & G Closed Circuit Events, LLC, expended substantial monies marketing, advertising,

promoting, administering, and transmitting the *Program* to its customers, the aforementioned commercial entities.

23.    The *Program* originated via satellite uplink and was subsequently re-transmitted to cable systems and satellite companies to Plaintiff's sub-licensees.

24.    On Saturday, May 4, 2019, in violation of Plaintiff G & G Closed Circuit Events, LLC rights and federal law, the Defendants intercepted, received, and published the *Program* at &Pizza a/k/a Broccoli Bar. The Defendants also divulged and published said communication or assisted or permitted in divulging and publishing said communication to patrons within &Pizza a/k/a Broccoli Bar.

25.    With full knowledge that the *Program* was not to be intercepted, received, published, divulged, displayed, and/or exhibited by commercial entities unauthorized to do so, the Defendants, either through direct action or through actions of employees or agents directly imputable to Defendant (as outlined above), did unlawfully intercept, receive, publish, divulge, display, and/or exhibit the *Program* at the time of its transmission at the commercial establishment located at 1817 7th St. NW, Washington, DC 20001.

26.    Said unauthorized interception, reception, publication, exhibition, divulgence, display, and/or exhibition by each of the Defendant was done willfully and for purposes of direct and/or indirect commercial advantage and/or private financial gain.

27.    Title 47 U.S.C. § 605(a), prohibits the unauthorized interception, receipt, publication and use of communications, including satellite television signals, such as the transmission of the *Program* for which Plaintiff G & G Closed Circuit Events, LLC had the distribution rights thereto.

28.    Upon information and belief, Defendant(s) and/or their agents, servants, workmen and/or employees used an illegal satellite receiver, intercepted Plaintiff's signal and/or used a

device to intercept Plaintiff's broadcast, which originated via satellite uplink and then re-transmitted via satellite or microwave signal to various cable and satellite systems. There are multiple illegal methods of accessing the Broadcast, including but not limited to, (1) splicing an additional coaxial cable line or redirecting a wireless signal from an adjacent residence into a business establishment; (2) commercially misusing cable or satellite by registering same as a residence when it is, in fact, a business; or (3) taking a lawfully obtained box or satellite receiver from a private residence, into a business.    In addition, emerging technologies, such as broadband or internet broadcast, as well as "slingbox" technology (which allows a consumer to literally sling the Broadcast from his personal home cable or satellite systems into his computer), can allow commercial misuse of residential broadcasting feeds through the internet from anywhere in the world. Each of these methods would allow Defendant(s) to access the Broadcast unlawfully. Prior to Discovery, Plaintiff is unable to determine the manner in which Defendant(s) obtained the Broadcast.    However, it is logical to conclude that Defendant(s) utilized one of the above-described methods or another to intercept and exhibit the broadcast without entering into an agreement to obtain it lawfully from Plaintiff, the legal rights holder for commercial exhibition.

29.     By reason of the aforesaid mentioned conduct, the aforementioned Defendants, and each of them, violated Title 47 U.S.C. Section 605, *et seq.*, either directly or, in the case of Defendant Michael Lastoria, contributorily or vicariously.

30.     By reason of the Defendants' violation of Title 47 U.S.C. Section 605, *et seq.*, Plaintiff G & G Closed Circuit Events, LLC, has the private right of action pursuant to Title 47 U.S.C. Section 605.

31.     As the result of the aforementioned Defendants' violation of Title 47 U.S.C. Section 605, and pursuant to said Section 605, Plaintiff G & G Closed Circuit Events, LLC, is entitled to the following from each Defendant:

       (a)     Statutory damages for each violation in an amount to $10,000.00 pursuant to Title 47 U.S.C. § 605(e)(3)(C)(i)(II);

       (b)     Statutory damages for each willful violation in an amount to $100,000.00 pursuant to Title 47 U.S.C. 605(e)(3)(C)(ii); and

       (c)     The recovery of full costs, including reasonable attorneys' fees, pursuant to Title 47 U.S.C. Section 605(e)(3)(B)(iii).

## COUNT II

### (Violation of Title 47 U.S.C. Section 553)

32.     Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs 1-31, inclusive, as though set forth herein at length.

33.     47 U.S.C. § 553 prohibits the interception or receipt of communications offered over a cable system absent specific authorization.

34.     The unauthorized interception and receipt of the *Program* by the above-named Defendants were prohibited by Title 47 U.S.C. §553, *et seq.*

35.     By reason of the aforesaid mentioned conduct, the aforementioned Defendants violated Title 47 U.S.C. Section 553, *et seq.* either directly or, in the case of Defendant Michael Lastoria, contributorily or vicariously.

36.     By reason of the Defendants' violation of Title 47 U.S.C. Section 553, *et seq.,* Plaintiff G & G Closed Circuit Events, LLC, has the private right of action pursuant to Title 47 U.S.C. Section 553.

37.     Without further discovery from and/or admission by Defendant(s), Plaintiff cannot determine if Defendant(s) intercepted Plaintiff's signal via a cable system, in violation of 47 U.S.C. § 553, or via a satellite transmission, in violation of 47 U.S.C. § 605.   As such, Plaintiff is alleging two (2) counts in its Complaint.   Plaintiff recognizes that Defendant(s) can be liable for only one (1) of these statutes.

38.     As the result of the aforementioned Defendant's violation of Title 47 U.S.C. Section 553, Plaintiff G & G Closed Circuit Events, LLC, is entitled to the following from each Defendant:

(a)     Statutory damages for each violation in an amount to $10,000.00 pursuant to Title 47 U.S.C. § 553(c)(3)(A)(ii);

(b)     Statutory damages for each willful violation in an amount to $50,000.00 pursuant to Title 47 U.S.C. § 553(c)(3)(B);

(c)     The recovery of full costs pursuant to Title 47 U.S.C. § 553 (c)(2)(C); and

(d)     In the discretion of this Honorable Court, reasonable attorneys' fees, pursuant to Title 47 U.S.C. § 553(c)(2)(C).

## REQUEST FOR INJUNCTIVE RELIEF

39.     Plaintiff hereby incorporates paragraphs 1-35, as though fully set forth herein at length.

40.     Plaintiff further alleges that unless restrained by this Court, Defendant(s) will continue to receive, intercept, transmit, and exhibit its programming, which originated via satellite uplink, illegally and without authorization, in violation of 47 U.S.C. § 553 or 605.

41.     The violations of 47 U.S.C. § 553 or 605 set forth above have caused and will continue to cause Plaintiff irreparable harm.

42.     Plaintiff cannot practicably determine the lost revenues resulting from Defendant(s) unlawful conduct. In addition to diminishing Plaintiff's revenues, the Defendant(s) unlawful conduct injures Plaintiff's reputation and goodwill, thereby impairing Plaintiff's ability to enhance its future growth and profitability.

43.     Plaintiff has no adequate remedy at law to redress the violations set forth above.

WHEREFORE, Plaintiff requests that judgement be entered in its favor and against the Defendant(s) herein, granting to Plaintiff the following:

(a) A finding that the Defendant(s) unauthorized exhibition of the May 4, 2019, *Saul "Canelo" Alvarez v. Daniel Jacobs WBA/WBC/IBF Middleweight Championship Fight Program* violated the Federal Communications Act and that such violations were committed willfully and for purposes of the Defendant(s) direct or indirect commercial advantage or for private financial gain; and

(b) In accordance with 47 U.S.C. § 553(c)(2)(A) and 47 U.S.C. § 605(e)(3)(B)(i), enjoin the Defendant(s), and the Defendant(s) corporation and establishment, their owners, officers, agents, servants, employees and attorneys, and all persons in active concert of participation with any of them from (i) interfering with Plaintiff's programming; (ii) intercepting, receiving, divulging, or displaying Plaintiff's programming without prior written consent of Plaintiff; and (iii) further violations;

(c) On the first cause of action, statutory penalties in the amount, in the discretion of this Court, of up to the maximum amount of $110,000.00 as to the Defendant(s) for its willful violation of 47 U.S.C. § 605(a); or

(d) On the second cause of action, statutory penalties in an amount, in the discretion of this Court, of up to the maximum amount of $60,000.00 as to the Defendant(s) for its violation of 47 U.S.C. § 553; And

(e)  Attorney's fees, interest, costs of suit as to the Defendant(s) pursuant to 47 U.S.C. § 605(e)(3)(B)(iii)

  or § 553(c)(2)(C), together with such other and further relief as this Court may deem just and proper.

Respectfully submitted,

Date:   May 3, 2022

Charles F. Gormly (452120)
ROSENTHAL GORMLY, CHTD.
10605 Concord Street, Suite 307
Kensington, MD 20895
Phone: (202) 785-9773
Fax: (202) 265-7756
cfg@rogolawfirm.com
*Attorneys for Plaintiff*
G & G CLOSED CIRCUIT EVENTS, LLC